FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2014 NOV -3  AM 11: 46

MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

DOC TOMKIEL

    Plaintiff,

vs.   Civil Case No.: 8:14-CV-2758-T-27TBM

THE UNITED STATES OF AMERICA

    Defendant.

_____/

## COMPLAINT

The Plaintiff, Doc Tomkiel, sues the Defendant, The United States of America, and alleges as follows:

1. Plaintiff, Doc Tomkiel, is a resident of Pinellas County, Florida with a mailing address of POB 11211, St. Petersburg, Florida 33733, who is a Veteran eligible to receive medical care through the U.S. Veterans Health Administration (VHA).

2. This is an action against The United States of America brought pursuant to The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.

3. Pursuant to 28 U.S.C. § 1346(b)(1) this Court has exclusive jurisdiction of civil actions on claims against the United States for money damages accruing on and after January 1, 1945 for personal injury caused by the negligent or wrongful act or omission of any employee of the United States Government while acting within the scope of his/her office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

4. All of the medical negligence acts occurred at Bay Pines VAMC in Pinellas County, Florida with the exception of one act of negligence which occurred at the Randall VAMC in



Alachua County, Florida. Dr. Triggs, Randall VAMC Neurologist, conducted a nerve conduction study at the request of Dr. Reddy, Chief of Neurology at Bay Pines VAMC (recently renamed C.W. Bill Young VAMC). Both Bay Pines VAMC and Randall VAMC are operated directly by the United States of America or was a hospital operating as an agency under the legal authority of the United States of America.

5.  The following VA officials were employees of the United States Government between March 2011 and January 2013 (when the medical negligence occurred): Dr. Hamlin, Dr. Reddy, Dr. Triggs (practitioners); Ms. Klinker, Mr. Wisnieski, Mr. Weaver (non-practitioners). Ms. Clark replaced Mr. Weaver (retired) as the VISN-8 Director in July 2013. These VA officials were all notified that I had medical problems requiring medical care and they refused to help.

6.  Regarding the three VA practitioners (Dr. Hamlin, Dr. Reddy, and Dr. Triggs), a doctor-patient relationship existed with each one. All three doctors were negligent because they did not provide a proper standard of care or act in a reasonably skillful, careful, or competent manner. Their negligence resulted in actual physical injuries which could have been prevented with timely medical intervention. It is "more likely than not" that the doctors' negligence directly caused these physical injuries. These injuries resulted in physical pain, immobility, and mental anguish. I presented to these doctors with complaints of neuropathic and spinal (cervical and lumbar) pain. From March 2011 through March 2012, Dr. Hamlin performed no diagnostic work and he provided no medical care. In April 2012, Dr. Triggs had been asked by Dr. Reddy to do a neurological evaluation. Dr. Triggs reported that I did not have a neuropathy or any spinal problems requiring medical care. Dr. Stephens, a VA paid medical expert, discovered that Dr. Triggs' nerve conduction study waveforms (instrument tracings) supported a neuropathy diagnosis despite his opinion. Serving as a USF Health Professor of Neurology and Clinical Neurophysiology, Dr. Stephens teaches Neurologists how to properly administer NCS and EMG

testing, along with chart interpretation. Dr. Stephens conducted NCS and EMG testing on me and she diagnosed me with a demyelinating polyneuropathy. Dr. Stephens also found radiculopathies (nerve impingement) as a result of spinal problems. Three Bay Pines VAMC doctors submitted neurosurgical consult requests after reviewing my medical file. Dr. Reddy denied all three requests without explanation. Dr. Hamlin failed to diagnose my medical problems and he provided no treatment. Dr. Reddy and Dr. Triggs misdiagnosed my medical problems and they provided no treatment. From March 2011 through July 2014, the VA took the position that I did not have any medical problems requiring medical care despite expert opinions rendered by four VA paid doctors and three non-VA neurosurgeons. The preponderance of the evidence supports the fact that I do have medical problems requiring medical care.

7.      The three VA practitioners (Dr. Hamlin, Dr. Reddy, and Dr. Triggs) had a legal duty to provide care and treatment to me – their patient. These three doctors breached this duty of care responsibility by failing to adhere to the standards of their profession. As Dr. Millner (Bay Pines VAMC Anesthesiologist) told me, the proper standard of care would have been to do a physical examination, an x-ray (and/or a MRI), and NCS/EMG testing. Dr. Millner explained that nerve blocks performed under a fluoroscope are routinely used to diagnose the causes of the spinal pain. However, Dr. Hamlin, Dr. Reddy, and Dr. Triggs did nothing to help me. These doctors disregarded clear and convincing medical evidence from three non-VA neurosurgeons who opined that I had medical problems requiring surgery. Neither Dr. Reddy, Dr. Hamlin, nor Dr. Triggs provided any medical care and, as a result, two cervical discs completely herniated and three cervical vertebrae self-fused. There is more than a causal relationship between their breach of duty and the causation of my physical injuries. I respectfully suggest there is a direct link between refusing to provide an x-ray which would have revealed the leaking discs when the pain

started back in early 2011 and the end result; completely herniated discs and fused vertebrae (physical injuries) requiring surgery to correct.

8.    Regarding the three VA non-practitioners, Bay Pines VAMC Director Klinker, Randall VAMC Director Wisnieski, and VISN-8 Director Clark from July 2013 forward in time, were made aware that I had medical problems requiring medical care. They disregarded the medical evidence and held that there had been no negligence. So, the three VA doctors responsible for hurting me have yet to be held accountable. As a result, other Veterans remain at risk.

9.    Florida Statutes Chapter 766.102(1) states as follows:

*"Medical negligence; standards of recovery; expert witness.*

*(1) In any action for recovery of damages based on the death or personal injury of any person in which it is alleged that such death or injury resulted from the negligence of a health care provider as defined in s. 766.202(4), the claimant shall have the burden of proving by the greater weight of evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider. The prevailing professional standard of care for a given health care provider shall be that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent similar health care providers."*

From March 2011 through January 2013, the VA held the position that I had no medical problems requiring medical care. For almost two years no medical care was provided. It wasn't until July 2014 that the VA reversed its position regarding surgery. Ms. Klinker finally admitted that I do have medical problems (polyneuropathy and spinal problems) that require medical care and she approved the first of two recommended spinal surgeries. When a patient presents with a complaint of neuropathic and spinal pain and the VA refuses to diagnose or treat confirmed medical problems (Dr. Hamlin twice denied me an x-ray), without question this represents a breach of the prevailing professional standard of care for the neurological and neurosurgical communities. I gave the VA written opinions from three non-VA neurosurgeons who

4

recommended cervical surgery. Four VA paid medical experts confirmed that I do have medical problems requiring medical care.

10.     As I understand, this Florida Supreme Court decision represents precedential law on the issue of the Plaintiff's legal burden in medical negligence cases. The decision is entitled, "Supreme Court of Florida, No. SC12-2314, RUBY SAUNDERS, etc., et al., Petitioners, vs. WILLIS DICKENS, M.D., Respondent. [July 10, 2014]" (Underline and bold added)

*"The elements of a medical malpractice action are: (1) a duty by the physician, (2) a breach of that duty, and (3) causation. See Gooding v. University Hosp. Bldg., Inc., 445 So. 2d 1015, 1018 (Fla. 1984) (citing Wale v. Barnes, 278 So. 2d 601, 603 (Fla. 1973)). The duty element requires a physician to act within the standard of professional care. See § 766.102, Fla. Stat. (2013). The standard of professional care is a level of care, skill, and treatment that, in consideration of all surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably prudent health care providers. Id. In short, it is to provide the care that a reasonably prudent physician would provide. See Pate v. Threlkel, 661 So. 2d 278, 280 (Fla. 1995). A physician breaches that duty when he or she does not provide the care that a reasonably prudent physician would provide. See § 766.102, Fla. Stat. (2013). Therefore, in a medical malpractice action, the burden is on the plaintiff to establish that the care provided by the physician was not that of a reasonably prudent physician.*

*Instead, the burden on the plaintiff with regard to causation is only to establish that adequate care by the physician more likely than not would have avoided the plaintiff's injury."*

From March 2011 (first visit with Dr. Hamlin) through January 2013 (first nerve blocks by Dr. Gerges), the VA did not provide 'adequate' care because the VA provided no care. The causation of my physical injuries is obvious. As my doctors have explained (opinions I will secure in writing once I am granted discovery rights), once my cervical discs started to herniate (leak), the inflammation/pain it created is known as a chemical neuropathy. I saw Dr. Hamlin twice (March 2011 and March 2012). He did not do a physical exam and he refused to order an x-ray. As the cervical discs herniated, three vertebrae fused together. The VA failed to provide the medical care that a reasonably prudent doctor would provide to a patient complaining of neuropathic and spinal pain.

11. Plaintiff has in the past and will continue to suffer in the future the following damages: pain and suffering, disability, mental anguish, at have to undergo least two surgeries, rehabilitative therapy, and probable endure pain into the future.

12. The aforementioned negligence was the cause in fact and proximate cause, concurring cause and/or substantial factor of Plaintiff's physical injuries.

13. All administrative requirements have been fulfilled. Plaintiff timely filed a SF95 claim on March 1, 2013 alleging medical negligence which was denied on August 9, 2013. Plaintiff timely filed a SF95 reconsideration claim on October 24, 2013 which was denied on May 2, 2014. Being that November 2, 2014 fell on a Sunday, this Complaint was timely filed the following business day.

14. By reason of the aforementioned conduct, it is more likely than not, within a reasonable degree of medical certainty and/or probability, had the employees and/or agents of the Defendant, The United States of America, not been negligent as described herein, the Plaintiff with an appropriate and timely diagnosis, medical care and treatment, would not have sustained the physical injuries described herein.

15. Plaintiff's four page letter dated October 31, 2014 to the presiding USDC Judge, two page attachment (# 001), and three page attachment (# 002), shall be considered part of this seven page Complaint.

WHEREFORE, the Plaintiff, Doc Tomkiel, demands judgment against the Defendant, The United States of America, for compensatory (non-economic) damages in the amount of two million dollars ($2,000,000), and any other relief deemed appropriate by this Honorable Court.

DATED this 31st day of October, 2014.

_____
Doc Tomkiel
POB 11211
St. Petersburg, FL 33733
(727) 999-0292