NITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOC TOMKIEL,

    **Plaintiff,**

v.                                              Case No: 8:14-cv-2758-T-27TBM

UNITED STATES OF AMERICA,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion for Reconsidertion [sic] Request That Plaintiff's Name Be Redacted From All Documents Connected to this FTCA Lawsuit, Including the Docket (Dkt. 15) and his Response to Order Dated July 21, 2015 and Motion to Seal the Affidavit Marked as Attachment #001 (Dkt. 27).[1] Argument was presented on the motions on July 28, 2015 in open court. Upon consideration, the Motion for Reconsidertion [sic] (Dkt. 15) is **DENIED**, except that Plaintiff may use a P.O. Box mailing address on pleadings and he is relieved of the requirement of listing his telephone number and email address on pleadings, on condition that he provide same to opposing counsel.

    Initially, Plaintiff sought to have the entire court file sealed (Dkt. 8). That request was denied based on the common law right to inspect and copy judicial records (Dkt. 13). *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This lawsuit against the United States, alleging medical negligence at a V.A. hospital and seeking substantial damages, may well be a matter of public interest to which the press and public have an undeniable right of access. As with any judicial

---

[1] In the future, unless directed or authorized to respond to a court order, Plaintiff shall not file pleadings directed to orders, the exception being motions authorized by Rule 7, Fed.R.Civ.P.

1

proceeding, the media and the public possess a common-law right to inspect and copy judicial records, that is, a right of access to judicial records and proceedings. *Id.* Notwithstanding, in exceptional circumstances, courts have discretion to determine whether any portion of the record should be sealed. *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235-36 (11th Cir. 2013) *cert. denied sub nom. Perez-Guerrero v. Holder*, 134 S. Ct. 1000, 187 L. Ed. 2d 850 (2014). This discretion is "'to be exercised in light of the relevant facts and circumstances of the particular case.'" *Id.* (quoting *Nixon*, 435 U.S. at 599.

In the instant motion, Plaintiff seeks reconsideration of the order denying his request to seal the entire court file, arguing that his name and post office address should be redacted from the docket. He maintains that the linking of his name to his P.O. Box subjects him to a risk that a member of a criminal organization who threatened his life in 1976 will locate him. Notwithstanding Plaintiff's understandable concerns, the relevant facts and circumstances do not support the relief he seeks.

Plaintiff's request to redact his name is essentially a request to proceed anonymously. Rule 10(a), Fed.R.Civ.P. requires that "every pleading" in federal court "must name all the parties." However, "[a] party may proceed anonymously in a civil suit in federal court by showing that he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011) (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir.1992)). A plaintiff may proceed anonymously only in exceptional cases which involve " matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Frank*, 951 F.2d at 324.

While Plaintiff's subjective concerns are understandable and appear to be sincere, those concerns do not, under the relevant circumstances, outweigh the common law right of access to

judicial records. Nor do they justify Plaintiff proceeding anonymously. According to Plaintiff, thirty-nine years ago his life was threatened by a member of the Pagans Motorcycle Gang during a traffic stop he conducted. The individual was taken into custody based on an outstanding felony warrant. As a result, according to Plaintiff, that individual went to prison for eleven years. Plaintiff candidly proffered, however, that he has been unable to ascertain the whereabouts of that individual, or even whether he is alive. Notwithstanding, Plaintiff contends that his life will be in jeopardy if he cannot proceed anonymously.

Due to the staleness of the threat, Plaintiff's uncertainty of whether that individual is even alive, and that Plaintiff has, as a result of his own actions, placed his identity, county of residence, and contact information in the public domain independent of this lawsuit, he has not demonstrated that he has a substantial privacy interest which outweighs the constitutionally embedded presumption of openness in judicial proceedings.

Significantly, Plaintiff's claim that he has done a good job of staying "under the radar" for the past thirty-nine years is belied by information readily available in the public domain. For seven years, Plaintiff served as an administrative hearing officer for the Florida Department of Highway Safety and Motor Vehicles and he acknowledges having filed ethics complaints against public officials. Indeed, a generic internet search of Plaintiff's name reveals his name, county of residence, telephone number, and mailing address, and that he is prominently identified as a "whistleblower" with respect to alleged misconduct he witnessed at the Florida Department of Highway Safety and Motor Vehicles.[2] Plaintiff is reported to have filed other ethics complaints against various government officials, and has been quoted in various published articles concerning alleged

---

[2] See https://duiundoconsultants.wordpress.com/2012/10/17/doc-tomkiel-the-whistle-blower-on-the-problems-with-the-dhsmv-and-fdleatp/ (See April 9, 2007 memorandum from Doc Tomkiel and Tomkiel's October 31, 2011 certified letter to Florida Governor Scott and the Florida Cabinet, both of which list his address and telephone number).

3

governmental misconduct and corruption.[3] In short, as a result of his own actions, Plaintiff has assumed a position of some notoriety in the public domain, and as a result, his identity, place of residence and contact information is readily available on the internet.

Under the circumstances, there is no justification for authorizing Plaintiff to proceed anonymously or to redact his P.O. Box address. Notwithstanding, he will not be required to include his current residential address, email address, or telephone number on pleadings.

Accordingly,

1. Plaintiff's Motion for Reconsidertion [sic] Request That Plaintiff's Name Be Redacted From All Documents Connected to this FTCA Lawsuit, Including the Docket (Dkt. 15) is **DENIED,** except that Plaintiff may use a P.O. Box mailing address on pleadings and is relieved of the requirement of listing his telephone number and email address on pleadings, on condition that he provide same to opposing counsel.

2. The Clerk is directed to redact Plaintiff's email address and telephone number from all filings and remove them from the docket.

3. The Clerk is directed to unseal Dkts. 21 and 22.

---

[3] *See*
http://articles.sun-sentinel.com/2010-02-09/business/sfl-psc-ethics-complaint-link-020910_1_ethics-complaint-edgar-roberta-bass ("St. Petersburg resident Doc Tomkiel -- who filed the ethics complaint against Lt. Gov. Jeff Kottkamp for using state planes . . .");
http://articles.sun-sentinel.com/2011-12-12/news/sfl-citizens-insurance-complaint-20111211_1_christine-ashburn-citizens-insurance-citizens-property-insurance ("Doc Tomkiel, a Clearwater resident who has filed several complaints against public officials to the state ethics commission . . .").;
http://www.tampabay.com/blogs/the-buzz-florida-politics/content/ethics-commission-dismisses-complaints-against-edgar-and-argenziano ("St. Petersburg resident Doc Tomkiel filed the complaint after reviewing the timeline of the events . . .");
http://articles.orlandosentinel.com/2009-02-14/news/kottpay14_1_kottkamp-lieutenant-governor-fort-myers. (Meanwhile, a St. Petersburg resident, Doc Tomkiel, said he filed an ethics complaint this week against Kottkamp for using state planes to get to and from Fort Myers, where the lieutenant governor has a home with his family. The Florida Commission on Ethics would not confirm the existence of the complaint.");
http://miamiherald.typepad.com/nakedpolitics/2010/01/complaint-against-pscs-edgar-raises-allegations-of-perjury.html (" But Doc Tomkiel reviewed the timeline and produced this summary. "This raises the inference of possible perjury by Edgar and Bass and tampering with evidence to conceal whatever was discussed in the email sent at 9:48 AM," he wrote.").

4. The Motion to Seal the Affidavit is DENIED (Dkt. 27). The Clerk is directed to return to Plaintiff his Response to Order Dated July 21, 2015 and Motion to Seal the Affidavit Marked as Attachment #001 (Dkt. 27) and remove the pdf image from the docket.

**DONE AND ORDERED** this 29th day of July, 2015.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record
pro se Plaintiff

5