UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DOC TOMKIEL,

    Plaintiff,

v.                                              Case No: 8:14-cv-2758-T-27TBM

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss Complaint in Part (Dkt. 7), Plaintiff's response (Dkt. 32), Defendant's reply (Dkt. 38), Plaintiff's surreply (Dkt. 43), and Plaintiff's Response to Defendant's Discretionary Function Exception Argument (Dkt. 53). Upon consideration, Defendant's motion to dismiss is GRANTED.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. 28 U.S.C. § 2671 *et seq*. Plaintiff alleges that three medical doctors at the Veterans Administration ("VA") were negligent in failing to provide Plaintiff with the proper treatment for his back problems. (Dkt. 1-2 ¶¶ 6-7). Plaintiff also alleges claims against four VA officials, (the "non-medical practitioners").[1] (*Id.* ¶ 5). Plaintiff alleges the non-medical practitioners "were made aware that [he] had medical problems requiring medical care. They disregarded the medical evidence

---

[1] Non-medical practitioners is the term Plaintiff uses in the Complaint for the VA Directors named in the Complaint and they will be identified in this Order as such. The non-medical practitioners named in the Complaint are Ms. Klinker, Mr. Wisnieski, Mr. Weaver, and Ms. Clark. (Dkt. 1 ¶¶ 5, 8). However, Plaintiff has sued only the United States.

1

and held there had been no negligence. So, the three VA doctors responsible for hurting [him] have yet to be held accountable."[2] (*Id.* ¶ 8).

Defendant initially moved to dismiss the claims against the non-medical practitioners for lack of subject matter jurisdiction under the Veterans Judicial Review Act, 38 U.S.C. § 511 ("VJRA"), which vests jurisdiction over challenges to benefits provided by the VA to the Secretary of the VA, contending that Plaintiff's claims against the non-medical practitioner defendants, arising out of the denial of benefits and services, must be dismissed.

Plaintiff responded that he never made a claim for benefits and that his claims against the non-medical practitioners arise out of their negligence in failing to properly supervise the medical practitioners, failing to hold them accountable for their negligence, and failing to ensure compliance with VA policies. (Dkt. 32 at 4-6). He asserted that "his FTCA complaint does not seek the provision of VA healthcare benefits as they have been provided since January 2013." (*Id.* at 6).

Defendant replied that to the extent Plaintiff alleges negligent supervision by the non-medical practitioners, his claims are barred by the discretionary function exception to the FTCA. Plaintiff was given thirty days to obtain discovery relevant to Defendant's assertion regarding the discretionary function exception. To the extent Plaintiff was claiming a denial or delay of services or treatment, any such claim was dismissed with prejudice as barred by the VJRA. (Dkt. 41 at 4 n.1) (citing *Milbauer v. United States*, 587 Fed. App'x 587, 590 (11th Cir. 2014)). Plaintiff has responded to Defendant's discretionary function exception argument and the matter is now ripe for review.

---

[2] Construing Plaintiff's Complaint liberally, it appears he is alleging that he filed complaints with the non-medical practitioners about his medical care, or alleged lack thereof, and that they failed to properly investigate and hold the doctors accountable and ensure that the doctors acted in compliance with VA policies and the law. (*See* Dkt. 1 ¶¶ 8-9; Dkt. 32 at 5, 7-10).

## II. STANDARD

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction can be based on facial or factual grounds. *Garcia v. Copenhaver, Bell & Assocs., M.D. 's, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997). The argument that Plaintiff's claims against the non-medical practitioners are barred by the discretionary function exception is a factual attack on the existence of subject matter jurisdiction. *See Hogan v. U.S. Postmaster Gen.*, 492 Fed. App'x 33, 34 (11th Cir. 2012). "When asserting the factual challenge that the discretionary function exception does not apply, the plaintiff has the burden to prove jurisdiction." *Lewis v. United States*, No. 14-13484, 2015 WL 3940792, at *2 (11th Cir. June 29, 2015) (citing *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)).

## III. DISCUSSION

Although "the United States cannot be sued except as it consents to be sued," *Powers v. United States*, 996 F.2d 1121, 1124 (11th Cir. 1993), it has waived sovereign immunity for negligence by a government employee acting within the scope of his employment. 28 U.S.C. § 1346(b). The waiver of sovereign immunity is narrowed by the discretionary function exception. 28 U.S.C. § 2680(a). Courts employ a two-part test to determine whether the discretionary function exception bars suit against the United States. *Hughes v. United States*, 110 F.3d 765, 767 n.1, 768 (11th Cir. 1997). First, the court considers whether the "the challenged conduct involves an element of judgment or choice." *Id.* at 767 n.1; *Cranford v. United States*, 466 F.3d 955, 958 (11th Cir. 2006). There is no element of judgment or choice "if a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow, because the employee has no rightful option but to adhere to the directive." *United States v. Gaubert*, 499 U.S. 315, 323 (1991) (quotations and citations omitted). Such a federal statute, regulation, or policy must prescribe "a

course of action embodying a *fixed or readily ascertainable standard.*" *Hughes*, 110 F.3d at 768 (emphasis original).

If the challenged conduct does involve an element of judgment, the second step requires that the court determine whether the "judgment is of the kind that the discretionary function exception was designed to shield," *Mid–South Holding Co., Inc. v. United States*, 225 F.3d 1201, 1205 (11th Cir. 2000) (quoting *Gaubert*, 499 U.S. at 322-23), that is, "judgment[s] grounded in considerations of public policy." *Cranford*, 466 F.3d at 958. "If the discretionary-function exception extends to the conduct in question, claims based on that conduct are barred "'whether or not the discretion involved be abused.'" *Chhetri v. United States*, No. 15-10644, 2016 WL 2754448, at *2 (11th Cir. May 12, 2016) (quoting 28 U.S.C. § 2680(a)).

Plaintiff contends that "the VA non-medical practitioners were negligent by not complying with their mandated responsibilities concerning the oversight of clinical services to Plaintiff," and that "the discretionary function exception does not apply because VA position descriptions and functional statements, in addition to other responsibilities defined in various VA directives, handbooks, and manuals describe mandatory responsibilities and reference specific performance standards concerning the oversight of clinical services."[3] (Dkt. 53 at 7-8).

The position descriptions and functional statements on which Plaintiff relies do not supply fixed or readily ascertainable standards necessary to defeat the application of the discretionary

---

[3] Plaintiff contends that Bay Pines VAMC records will reveal evidence that the discretionary function exception does not apply. If discovery does reveal such evidence, he may seek leave to amend his complaint. However, it must be noted that Plaintiff has been given ample time to take discovery. He recently was granted an additional thirty days for discovery (Dkt. 74). This case was filed in November 2014, and the instant motion in April 2015. Plaintiff has been granted numerous extensions and the magistrate judge has held two hearings related to discovery matters, and to the extent permissible, has attempted to provide Plaintiff, who is proceeding *pro se*, with guidance. And, as long ago as February 2016, Plaintiff claimed to need further information and was advised by the magistrate judge to proceed with additional discovery under the Federal Rules of Civil Procedure.

function exception. Rather, the relevant standards preserve in the non-medical practitioners elements of judgment and choice. The responsibilities set out are broad descriptions concerning the development, oversight, and evaluation of clinical services, programs, and patient care and compliance with regulations and professional and ethical standards. (*See* Dkt. 53 at 9-12, 24-39). The non-medical practitioner's decisions as to the general oversight and supervision of VA doctors are discretionary, as currently supported by the record. The position descriptions and functional statements do not "'specifically prescribe[ ] a course of action embodying a fixed or readily ascertainable standard'" that the non-medical practitioners must follow with respect to complaints of inadequate patient care.

The position descriptions and functional statements are also susceptible to policy analysis because, in determining the course of action to take in overseeing the delivery of healthcare, including responding to patient complaints, policy considerations are relevant, including the provision of healthcare services to disabled veterans. *See Cosby v. U.S. Marshals Serv.*, 520 Fed. App'x 819, 821 (11th Cir. 2013).

This result is consistent with longstanding precedent. Courts have recognized "it is settled law that the federal government has the unquestioned right to choose its own employees and is therefore not liable for acts done by it in the exercise of this right." *Radford v. United States*, 264 F.2d 709, 710 (5th Cir. 1959).[4] *See Crete v. City of Lowell*, 418 F.3d 54, 64 (1st Cir. 2005) ("[U]niformly the federal circuit courts under the FTCA have found that employer decisions such as hiring, discipline, and termination of employees are within the discretionary function exception.");

---

[4] Opinions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

*Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) ("This court and others have held that decisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."). Permitting negligent hiring, supervision, and retention claims "would require . . . the type of judicial second-guessing that Congress intended to avoid." *Tonelli v. United States*, 60 F.3d 492, 496 (8th Cir. 1995). Because the challenged conduct involves the exercise of judgment by the non-medical practitioners, and that judgment is the kind of public policy decision shielded by the discretionary function exception, subject matter jurisdiction is lacking over Plaintiff's claims against them. *Radford*, 264 F.2d at 710; *see Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997) ("[T]he hiring, training, and supervision of [. . . employees] are surely among those involving the exercise of political, social, or economic judgment.").

Accordingly, Defendant's Motion to Dismiss Complaint in Part (Dkt. 7) is **GRANTED**. Plaintiff's claims against the non-medical practitioners named in the Complaint are **DISMISSED**.

**DONE AND ORDERED** this 7th day of June, 2016.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record
pro se Plaintiff